ARTHUR D. HATHAWAY v. R. A. CASS and Another.[1]

October 18, 1901.

Nos. 12,680—(48).

### Delivery of Deed.

A certain deed was produced at the trial by the attorneys for plaintiff, and they testified that it had been delivered to them for the plaintiff, and that they had conducted the transaction as his attorneys. *Held,* this evidence constituted a prima facie case of the delivery of the deed to the plaintiff, and it was not conclusively overcome by the fact that plaintiff was not notified of its delivery to his attorneys until eight

---

[1] Reported in 87 N. W. 610.

months thereafter, or by the further fact that the attorneys retained possession of the deed a year and a half after they received it. It was a question for the jury to find, from all the evidence, whether or not the deed had been delivered to the plaintiff.

Action of ejectment in the district court for Hennepin county. The case was tried before Harrison, J., who directed a verdict in favor of defendants. From an order denying a motion for judgment in his favor notwithstanding the verdict or for a new trial, plaintiff appealed. Reversed.

*Wicks, Paige & Lamb,* for appellant.

*A. J. Finnegan,* for respondents.

LEWIS, J.

The only question in this case is whether or not a certain deed upon which plaintiff's title depended was in fact delivered by the grantor to the grantee. At the close of the testimony the court below directed a verdict for defendants, upon the ground that there was not sufficient evidence to show a delivery.

The circumstances surrounding the execution and delivery of the deed are as follows: One Norris, as receiver for L. F. Menage, sold certain property belonging to that estate to the Carroll Investment Company, which company in turn sold certain of the same property to plaintiff through the instrumentality of his attorneys, Messrs. Wicks, Paige & Lamb, and instead of requiring a deed to be executed directly by the receiver to the Carroll Investment Company, and from that company to the plaintiff, by direction of Mr. Paige, one of plaintiff's attorneys, a deed of the purchased premises was executed directly by the receiver to the plaintiff. At the trial the plaintiff produced this deed, which was received in evidence. This constituted a prima facie case as to delivery.

The defendants then undertook to show that the deed had, in fact, never been delivered to the plaintiff, but had always remained in the possession of his attorneys, and that the transaction was in fact one between the attorneys and the receiver, and that the plaintiff had no interest therein. The evidence upon this point was to the effect that plaintiff's attorneys retained

possession of the deed for a year and a half after it had been delivered to them, and that plaintiff was not notified of the existence of the deed until some eight months after its execution. This was admitted by one of the attorneys who was a witness for plaintiff.

If this were all the evidence in the case, it might be sufficient to overcome the presumption of the delivery which arose at the time of trial by the production of the deed in the hands of plaintiff's attorneys. But there was other positive evidence in the case tending to support plaintiff's contention that the deed had been delivered, not to the attorneys, but to the plaintiff through his attorneys. That evidence is as follows: Mr. Wicks stated that at the time of obtaining this deed from the receiver he was one of plaintiff's attorneys, and that Mr. Paige was his copartner; that as such attorneys they conducted the transaction, and took possession of the deed, and retained its possession as attorneys for plaintiff; and that the deed was delivered to them as attorneys for the plaintiff.

From this statement it appears that the transaction referred to was the purchase of the property described in the deed; that the attorneys were acting for the plaintiff in making such purchase; and that the deed was delivered to them in pursuance of their purpose to complete the purchase on behalf of plaintiff. Therefore the delivery of the deed to the attorneys who were then representing plaintiff was a complete delivery, of the same effect as though delivered to the grantee himself. This evidence is not conclusively overcome either by the fact that the plaintiff did not know of the execution of the deed at the time, nor until some eight months afterwards, or by the fact that the attorneys retained possession of the deed for a year and a half after its execution and delivery to them. Whether or not there was, in fact, a delivery of the deed to the plaintiff, was a question which should have been submitted to the jury to determine from all the evidence and circumstances connected with the case.

Order reversed.